UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL WAYNE ARY, | ) | 1:06-cv-00259 AWI TAG |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN |
| v. | ) ) | FORMA PAUPERIS AND TO DISMISS COMPLAINT |
| SUPERIOR COURT FOR THE COUNTY OF KERN AND HONORABLE JUDGE McNUTT | ) ) ) | (Docs. 1 and 8) |
| Defendants. | ) ) ) | |

Plaintiff, an inmate at Wasco State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis. (Doc. 8).

DISCUSSION

A. *Standard of Review*

A court of the United States may authorize the commencement of an action, without prepayment of fees, by a prisoner who submits an affidavit which includes a statement of all assets such prisoner possesses and that the prisoner is unable to pay the required filing fees. 28 U.S.C. § 1915(a)(1). Notwithstanding a prisoner's financial ability to proceed, the court must screen and dismiss the case at any time if it determines that the allegation of poverty is untrue or if the action (1) is frivolous, (2) fails to state a claim on which relief may be granted or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Here, this Court need not reach Plaintiff's financial ability to proceed since his complaint, as noted below, seeks monetary relief against defendants who are immune from suit and therefore is precluded by 28 U.S.C. § 1915(e)(2).

B.  *Legal Claims*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In the instant case, Plaintiff contends that on October 29, 2003, Kern County Superior Court Judge [Charles P.] McNutt[1] illegally applied Cal. Penal Code § 1210.1 (referred to as "Prop. 36") in sentencing him to felony probation in Kern County Superior Court case number BF105501A.  (Doc. 1, pp. 2-3).  According to Plaintiff, the illegal application of Prop. 36 caused him to attend "A.A." and "N.A." meetings under duress, caused him to miss time at work with consequential lost earnings, caused him to lose his family and home, defamed him, and precluded him from attaining time credits that could have been used towards a subsequent conviction and incarceration.  (Id.)  Accordingly, Plaintiff seeks $3,000,000 in damages from the only two named defendants: Judge McNutt and the Superior Court for the County of Kern.  (Doc. 1, p. 4).

The Superior Court for Kern County is an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court.  See, e.g., Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)(Eleventh Amendment bars suit against state superior court); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.)(California Superior Court is a state agency), amended, 127 F.3d 1135 (9th Cir. 1997), cert. denied, 522 U.S. 1148 (1998); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987)(Eleventh Amendment bars suit against Superior Court of California regardless of relief sought).  Accordingly, Plaintiff's claims against the Superior Court for the County of Kern should be dismissed with prejudice.

Plaintiff's claim against the remaining defendant, Superior Court Judge McNutt, is also barred.  State judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity.  Pierson v. Ray, 386 U.S. 547, 553-55 (1967)(judicial immunity

---

[1] Charles P. McNutt is a judge in the Superior Court of California, County of Kern.  Superior Court of California, Judicial Officers, http://www.kern.courts.ca.gov/judicial.asp (last modified April 3, 2006).

applicable to actions under 42 U.S.C. § 1983); Simmons, 318 F.3d at 1161 (plaintiff cannot state a claim under § 1983 against a judge because of his absolute immunity for judicial acts). Whether an act by a judge is a judicial act relates to (1) the nature and function of the act, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his or her judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978). Moreover, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. 356-57 (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)). Here, Plaintiff contends that Judge McNutt illegally applied Prop. 36 in sentencing him to probation on October 29, 2003. (Doc. 1, pp. 2-3). Judge McNutt's conduct in sentencing Plaintiff was quintessentially judicial in nature and clearly taken within his judicial capacity. Consequently, Plaintiff's claims against Judge McNutt are barred by judicial immunity.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the undersigned recommends that this case be dismissed with prejudice.

This Report and Recommendation is submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than thirty (30) days after service of this Report and Recommendation, any party may file written objections to this Report and Recommendation with the Court and serve a copy on all parties and the Magistrate Judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Responses to objections shall be filed and served no later than ten (10) days after service of the objections and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the Magistrate Judge. The District Judge will review the Magistrate Judge's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 7, 2006**
**j6eb3d**

                              /s/ **Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE