UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE ARY, ) | CASE NO. 1:06-cv-00259 AWI TAG |
| )  Plaintiff, ) | |
| ) | ORDER ADOPTING REPORT AND |
| ) | RECOMMENDATIONS |
| v. ) | |
| ) | ORDER DISMISSING ACTION |
| SUPERIOR COURT FOR THE COUNTY ) | |
| OF KERN AND HONORABLE JUDGE ) | (Docs. 1, 5 and 8) |
| McNUTT ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, an inmate at Wasco State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). He seeks leave to proceed in forma pauperis and also moved appointment of counsel. (Docs. 5 and 8).

On June 7, 2006, the Magistrate Judge issued a Report and Recommendations to Deny Application to Proceed in Forma Pauperis and to Dismiss Complaint. (Doc. 13). The Report and Recommendations gave notice that any party could file objections within thirty days. (Doc. 13, p. 3). In response, plaintiff filed Objections to Magistrate Judge's Report and Recommendations," in which he did not dispute the Magistrate Judge's findings, but noted that he had also sought appointment of counsel in addition to in forma pauperis relief. (Doc. 14).

**CONCLUSION AND ORDER**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a <u>de</u> <u>novo</u> review of this case. After carefully evaluating the record, including plaintiff's complaint and his request to proceed in forma pauperis and for appointment of counsel, this Court finds that the Magistrate Judge's Report and Recommendations is supported by the record and proper analysis.

1  Furthermore, while it is true that the statute providing for proceedings in forma pauperis, 28
2  U.S.C. § 1915(e)(1), contemplates the possibility of appointment of counsel, it is also true that
3  "[c]ounsel should only be appointed in exceptional circumstances, based on such factors as the
4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light
5  of their complexity." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).  Moreover,
6  "[a] finding of 'exceptional circumstances' requires an evaluation of both 'the likelihood of
7  success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of
8  the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
9  Cir. 1986)(citation omitted).  Here, as reported by the Magistrate Judge, there is no likelihood of
10 success on the merits insofar as plaintiff's claims are against defendants that are immune from
11 prosecution under the Eleventh Amendment and under the doctrine of judicial immunity.
12        Accordingly, this Court:
13        1.     ADOPTS in full the magistrate judge's June 7, 2006 Report and
14 Recommendations;
15        2.     DENIES plaintiff's application to proceed in forma pauperis (Doc. 8);
16        3.     DENIES plaintiff's motion for appointment of counsel (Doc. 5);
17        4.     DISMISSES, without prejudice, plaintiff's complaint (Doc. 1); and
18        5.     DIRECTS the Clerk of the Court to close this file.

20 IT IS SO ORDERED.
21 **Dated:   June 29, 2006**              _____/s/ Anthony W. Ishii_____
   0m8i78                                  UNITED STATES DISTRICT JUDGE